CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 1 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:95cr00017-4 |
| | ) | |
| v. | ) | 2255 MEMORANDUM OPINION |
| | ) | |
| JAMES ANTHONY WALKER | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner James Anthony Walker, a federal inmate proceeding pro se, brings this action styled as a "motion requesting collateral process re-open" pursuant to Rule 60(b)(4) and (6) of the Federal Rules of Civil Procedure. In brief, petitioner essentially re-argues an ineffective assistance of counsel claim he raised in his previous motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255.[1]

A Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Rule 60(b)(4) provides that relief from judgment may be granted where "the judgment is void." Rule 60(b)(6) provides that a party may be relieved from judgment on "any other reason that justifies relief." However, Rule 60(b)(6) is an extraordinary remedy granted only in exceptional circumstances. See Reid v. Angelone, 369 F.3d 363, 370 (4th Cir.2004); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir.2000). Walker has not stated any grounds justifying relief under either section of Rule 60(b).

In contrast, he seeks to attack the validity of his underlying conviction. A Rule 60(b) motion

---

[1] See Civil Action No. 7:98-cv-00663, which was dismissed on the merits on June 11, 1999.

1

that seeks to advance substantive claims qualifies as a "second or successive habeas petition." See Gonzalez, 545 U.S. at 532; see also United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003) (explaining that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application…"); Calderon v. Thompson, 523 U.S. 538, 554 (1998) (ruling the subject matter of the motion and not petitioner's description determines its status). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit.[2] As petitioner has not submitted any evidence of such certification by the Court of Appeals, the court must summarily dismiss his instant § 2255 motion.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 31st day of December, 2008.

United States District Judge

---

[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

[3] The court notes that the record reflects that Walker did file a motion to the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, seeking authorization to file a successive § 2255, which the Fourth Circuit denied on August 4, 2005.

2